**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| American Family Mutual Insurance Company, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Kevin William Rubinstein, et al.,<br><br>　　　　　Defendants. | No. CV-07-2039-PHX-SMM<br><br>**ORDER** |

Pursuant to the parties Stipulated Protective Order (Dkt. 33), to expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the stipulation between the parties, and for good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1. <u>Definitions.</u> The following definitions shall apply to this Order:

　　A. This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Arizona and any appeal thereof through final judgment.

　　B. "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any party to this Action or any

1   third parties.

2   C. "Confidential" information shall be defined as such documents, 3 deposition testimony or other information disclosed during discovery in this Action which 4 the Producing Party or another party reasonably and in good faith contends contains 5 information that should be protected from disclosure pursuant to this Order. Any party 6 may designate any documents Confidential in the reasonable exercise of such party's sole 7 discretion; provided, however, by agreeing to this Order, no party waives the right to 8 challenge any other party's designation of any document as Confidential.

9   D. "Attorneys' Eyes Only" information shall be defined as such documents, 10 deposition testimony or other information disclosed during discovery in this Action that 11 the Producing Party or another party reasonably and in good faith contends contains 12 Confidential information of a nature requiring extraordinary protection and that the 13 Producing Party believes should not be in the physical possession of an opposing party to 14 this Action, including but not limited to trade secret information. Any party to this Action 15 or any Producing Party may designate sensitive documents Attorneys' Eyes Only in the 16 reasonable exercise of such party's sole discretion; provided, however, by agreeing to this 17 Order, no party waives the right to challenge any other party's designation of any 18 documents as Attorneys' Eyes Only.

19   E. "Legend" as used herein shall mean a large, bold stamp or similar 20 insignia stating Confidential or Attorneys Eyes Only.

21   F. When reference is made in this Order to any document or party, the 22 singular shall include the plural, and plural shall include the singular.

23   2. <u>Confidential Designations.</u> When any document or material produced under this 24 Order is designated Confidential or Attorneys Eyes Only a Legend shall be affixed to the 25 first page and all pages containing information for which the Producing Party seeks 26 protection.

27   //

28

1    3. Limitations.

2           A. This Order shall govern only documents and other information and
3    materials generated or produced in response to any method of discovery conducted by
4    any
5    party to this Action.

6           B. Persons obtaining access to Confidential or Attorneys Eyes Only
7    information under this Order shall use the information only for this Action or any other
8    lawsuit in which the Plaintiffs and Defendants as designated in the caption above are also
9    adverse parties, and shall not use such information for any other purpose, including
10   business, commercial, administrative or judicial proceedings.

11          C. Nothing contained in this Order shall require any party to treat as
12   Confidential or Attorneys' Eyes Only documents or information lawfully obtained by
13   means other than through discovery in this Action and under circumstances that would
14   lead a reasonable person to conclude that the documents or information were not intended
15   to be kept confidential by the recipient; provided, however, that nothing in this Order
16   shall authorize any use of documents or information which is otherwise impermissible.

17          4. Permissible Disclosures.

18          A. Except as set forth herein, Confidential information, and any facts or
19   information contained therein or derived therefrom, shall be disclosed only to the Court or
20   any other court in which the parties are adverse on the condition that the Court enters an
21   order similar to this Order and/or to: (a) the parties in this Action, including their officers,
22   directors and employees, but only to the extent that such disclosure is necessary for the
23   conduct of litigation in this Action; (b) outside counsel for the parties hereto and their
24   agents, employees, paralegals, or other secretarial and clerical employees or agents; (c)
25   experts, independent contractors, consultants, or advisors who are employed or retained
26   by, or on behalf of, one or more of the parties to this Action or their counsel to assist in
27   preparation of this Action for trial; (d) deponents and their counsel who have a need to
28

1  review this material during the course of, or in connection with, depositions taken in or
2  for this Action; (e) stenographic reporters who are involved in depositions, the trial or any
3  hearings or proceedings before the Court in this Action; (f) people who have previously
4  received or created the document; and (g) witnesses in this Action who need to review
5  this material in connection with their testimony in this Action. Confidential information
6  may be disclosed to persons listed in this paragraph only after such person has been
7  shown a copy of this Order and agrees to be bound by the terms of this Order in the form
8  attached hereto as Exhibit A; provided, however, a party who has produced Confidential
9  information may disclose such information to any persons, with or without any conditions
10 to such disclosure, as it deems appropriate.

11        B. Attorneys' Eyes Only information, and any facts or information
12 contained therein or derived therefrom, shall be disclosed only to the Court or any other
13 court in which the parties are adverse on the condition that the Court enters an order
14 similar to this Order and/or to: (a) litigation counsel of record for the parties hereto and
15 such counsel's employees, paralegals or other secretarial and clerical employees and
16 clerical agents; (b) persons who prepared or assisted in the preparation of such documents
17 or material, or to whom the documents or copies thereof were addressed or delivered, but
18 only to the extent that such disclosure is necessary for the conduct of litigation; (c)
19 experts, independent contractors, consultants, or advisors who are employed or retained
20 by, or on behalf of, one or more of the parties to this Action or their counsel to assist in
21 preparation of this Action for trial; and (d) stenographic reporters who are involved in
22 depositions, the trial, or any hearings or proceeding before the Court in this Action.
23 Attorneys' Eyes Only information may be disclosed to the authorized persons listed in
24 this paragraph only after such persons have been shown a copy of this Order and agree to
25 be bound by the terms of this Order in the form attached hereto as Exhibit A; provided,
26 however, a party who has produced Attorneys' Eyes Only information may disclose such
27 documents to any persons, with or without any conditions to such disclosure, as it deems
28 appropriate.

1         5. Declassification. Unless and until otherwise ordered by the Court, or otherwise
2  agreed by the parties, all documents and other discovery materials designated
3  Confidential or Attorneys' Eyes Only shall be treated as such under this Order. In the
4  event that any party objects to the designation of any document, the objecting party may
5  seek modification of the designation or the disclosure of the redacted information in
6  accordance with the following procedure:
7         A. At any time at least ninety (90) days before the date set for trial herein,
8  the receiving party of any document or information designated Confidential or Attorneys
9  Eyes Only may notify the Producing Party, in writing, that the receiving party does not
10 concur in the designation or redaction. The parties shall attempt to resolve such
11 challenges informally. In the event that such attempts are not successful, the receiving
12 party may file a motion challenging the designation, and the Court shall make an
13 independent determination as to whether or not any given document or information is
14 Confidential or Attorneys' Eyes Only and/or properly redacted based upon facts then
15 existing, and in so doing, the Court shall not be bound by any party's designation;
16 provided, however, that such documents or discovery material shall be deemed
17 Confidential or Attorneys' Eyes Only unless and until the Court rules otherwise. The
18 party or entity objecting to confidentiality must show by a preponderance of the evidence
19 that there is not good cause for the document or information to have such protection.
20        B. In the event that any party files a motion challenging a designation or
21 redaction of information, the document or information shall be submitted to the Court for
22 *in camera* inspection.
23     6. Designated Information in Depositions.
24        A. In the case where Confidential or Attorneys' Eyes Only information is
25 revealed during a deposition, if designation of a transcript or any portion thereof,
26 including exhibits, as Confidential or Attorneys' Eyes Only is made by a statement by the
27 witness or his counsel to that effect on the record, or is otherwise made before the
28 stenographer transcribing such deposition has disseminated to counsel for the parties the

- 5 -

1  transcript of the deposition, the stenographer shall affix a Legend to the cover page and
2  all appropriate pages of the transcript and to each copy thereof.

3  B. A party or a witness may designate a deposition or trial transcript, or a
4  portion thereof, disclosing, containing or referring to any Confidential or Attorneys' Eyes
5  Only information hereunder as "Confidential" or "Attorneys' Eyes Only" by informing
6  counsel for all other parties to this Action in writing within twenty (20) days after receipt
7  of the transcript as to the specific pages deemed confidential, and thereafter such pages
8  shall constitute Confidential or Attorneys' Eyes Only information pursuant to this Order.
9  Upon receipt of such notice, any party in possession of copies of such designated
10 transcript shall affix the appropriate Legend thereto. During the 20-day interval following
11 receipt of a deposition transcript, the transcript shall be treated as Attorneys' Eyes Only.

12 7. Designated Information in Briefs. In the event that any Confidential or
13 Attorneys' Eyes Only information derived therefrom is included with, or the contents
14 thereof are disclosed in any documents filed with the Clerk of this Court or any other
15 court, including, without limitation, any pleadings, motion papers, briefs or deposition
16 transcripts, such documents shall be filed under seal in an envelope bearing the words:
17 "Confidential pursuant to Protective Order entered by the Court on May 8, 2008" and,
18 subject to the Court's convenience and needs, kept under seal by the Clerk until further
19 order of the Court.

20 8. Designated Information of Record in the Action. Confidential information may
21 be offered in evidence at trial or any Court hearing in this Action, provided that the
22 proponent of the evidence gives five (5) days advance notice to counsel for the other side
23 or other person that designated the information as confidential. Any party may move the
24 Court for an order that the evidence be received *in camera* or under other conditions to
25 prevent unnecessary disclosure. The Court will then determine whether the proffered
26 evidence should continue to be treated as Confidential or Attorneys Eyes Only and, if so,
27 what protection, if any, may be afforded to such information at the hearing or trial.
28

1       9. Subpoena by Court or Other Agencies. If at any time any document or
2  information protected by this Order is subpoenaed by any court, administrative or
3  legislative body, or is requested by any other person or entity purporting to have authority
4  to require the production of such information, the party to whom the subpoena or other
5  request is directed shall immediately give written notice thereof to any party which has
6  designated such information Confidential or Attorneys' Eyes Only. The party that
7  received the subpoena shall object to production under Rule 45, Federal Rules of Civil
8  Procedure, or any similar rule protecting the production of confidential documents in that
9  proceeding. After receipt of the notice specified under this paragraph, the designating
10 party shall have the sole responsibility for obtaining any order it believes necessary to
11 prevent disclosure of documents designated, and the party to whom the referenced
12 subpoena or other request is directed shall produce such document or information only
13 upon an order issued by a judge of a court of competent jurisdiction requiring such
14 production.
15      10. Client Consultation. Nothing in this order shall prevent or otherwise restrict
16 counsel from rendering advice to their clients and, in the course thereof, relying generally
17 on examination of stamped Attorneys' Eyes Only information; provided, however, that in
18 rendering such advice and otherwise communicating with such clients, counsel shall not
19 make specific disclosure of any items so designated except pursuant to the procedures in
20 Paragraphs 4A and 4B above.
21      11. Copies of Designated Information. The attorneys of record and unrepresented
22 parties are responsible for employing reasonable measures, consistent with this Order, to
23 control duplication of, access to, and distribution of copies of Confidential or Attorneys
24 Eyes Only information. Parties shall not duplicate Confidential or Attorneys Eyes Only
25 information except working copies and for filing in court under seal. All copies of any
26 Confidential or Attorneys' Eyes Only information shall be treated as provided in this
27 Order. Any party making, or causing to be made, copies of any such documents shall
28

1 make certain that each such copy bears the appropriate Legend pursuant to the
2 requirements of this Order.

3     12. No Waiver.

4     A. No Confidential or Attorneys' Eyes Only information shall lose such
5 status under this Order as the result of the use of such document or information in any
6 hearing, trial, or other court proceeding in this Action, provided that such use is consistent
7 with the terms of this Order. Counsel to the parties in this Action shall confer at least five
8 (5) days before any such hearing, trial, or other court proceeding in order to work out any
9 objections to the use of any Confidential or Attorneys' Eyes Only information in such
10 court proceeding and to make such amendments to this Stipulation and Order which the
11 parties agree are necessary to assure the continued confidentiality of such information.

12     B. Notwithstanding anything to the contrary contained herein, all objections
13 as to admissibility in evidence of the discovery material subject to this Order are reserved
14 and are not waived by any terms of this Order. The use of Confidential or Attorneys'
15 Eyes Only information as evidence at trial shall be subject to this Order unless modified
16 by the Court.

17     C. The inadvertent disclosure of Confidential or Attorneys Eyes Only
18 information shall not, under any circumstances, be deemed a waiver, in whole or in part,
19 of any party's claims of confidentiality.

20     D. The inadvertent production of any document or other information during
21 discovery in this Action shall be without prejudice to any claim that such material is
22 privileged or prohibited from discovery as work product, and no party shall be held to
23 have waived any rights by reason of such inadvertent production.

24 //
25 //
26 //
27 //
28 //

13. Non-Termination. The termination of proceedings in this Action shall not relieve the parties from the obligation of maintaining the confidentiality of all documents and information produced and designated pursuant to this Order, unless the Court orders or permits otherwise. Upon the final disposition of this Action and any other lawsuit in which the parties are adverse, including appeal, the parties shall, within thirty (30) days after request made therefor by the Producing Party, return to the Producing Party or destroy all documents designated by the Producing Party as Confidential or Attorneys' Eyes Only and all copies thereof, and shall destroy all extracts, excerpts and summaries of data from such documents, except that trial counsel for each party may retain one copy of each pleading, motion, or other paper filed with the Court, for record purposes only.

DATED this 8th day of May, 2008.

_____
Stephen M. McNamee
United States District Judge

## *EXHIBIT A*

## **UNDERSTANDING AND AGREEMENT REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Documents and Information (the "Order") in *American Family Mutual Insurance Company, et al., v. Kevin William Rubinstein, et al.*, Case No**.** 2:07-cv-2039-SMM, pending in the United Stated District Court for the District of Arizona (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

**Signature:** _____

**Printed Name:** _____

**Date:** _____